## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

BERNARD HAN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

VAIL RESORTS, INC.,

      Defendant.

---

## CLASS ACTION COMPLAINT

---

Plaintiff BERNARD HAN ("Plaintiff") by and through his counsel, brings this action against VAIL RESORTS, INC. ("Vail Resorts" or "Defendant") on behalf of himself and those similarly situated, and makes the following allegations based on information, attorney investigation, and belief, except as to allegations pertaining to Plaintiff personally, which are founded on his respective knowledge.

## INTRODUCTION

1.      Plaintiff brings this case against Defendant to demand remediation of Vail Resorts' refusal to provide refunds to its consumers who had previously purchased Epic Pass products following the closure of its mountains, ski lifts, ski slopes and recreational facilities due to the Novel Coronavirus Disease of 2019 ("COVID-19"). As a result of this refusal, Plaintiff and similarly situated consumers lost the full benefits associated with their Epic Passes for the remainder of the ski season. Plaintiff and similarly situated consumers seek refunds of the amounts they paid on a pro-rata basis as well as other

damages that resulted from being unable to use these expensive ski passes they paid for throughout the duration of the ski season, including the coveted spring skiing season for avid skiers.

## BACKGROUND

2.      On or around March 15, 2020, Defendant announced that it would be closing its mountains, ski slopes and recreational facilities to consumers until further notice because of the COVID-19 pandemic.[1]

3.      At around the same time, the Centers for Disease Control, and multiple state and local governments, including the Governor of Colorado issued a form of "Stay at Home, Stay Safe" order requiring consumers to remain in their homes except for essential activities such as grocery shopping.

4.      Prior to the resorts closure, Colorado had "some of the earliest spread of the Covid virus due to [its] ski tourism industry."[2]

5.      Vail Resorts' closure of their mountains, ski slopes, ski lifts and recreational facilities was the right thing to do in light of social distancing recommendations by the Centers for Disease Control, state, local and federal governments, but it is unfair and unlawful for Defendant to retain the full amounts their consumers paid for Epic Passes given the shortened ski season, and in particular the lack of a spring ski season.

6.      Although Defendant is purportedly providing refunds to some of its consumers for some of its products and services including lift tickets, ski & ride school,

[1] http://investors.vailresorts.com/news-releases/news-release-details/vail-resorts-provides-updated-commentary-covid-19-impact
[2] https://www.dailykos.com/stories/2020/3/25/1931275/-Colorado-Governor-issues-state-wide-Stay-at-home-order

lodging and vacation packages, winter activities childcare bookings, and equipment rentals, Defendant refuses to provide refunds to consumers who purchased Epic Passes.[3]

7.      Accordingly, Defendant has improperly retained monies paid by Plaintiff and the other members of the Class (*See* Class Definitions at ¶ 36) for Epic Passes. Even if Defendant did not have a choice in closing its ski slopes, ski lifts, mountains and recreational facilities to its consumers, it nevertheless improperly retained an unfair share of the costs of its consumers' Epic Passes.

8.      Plaintiff brings this class action for injunctive, declaratory, and equitable relief, and any other available remedies, resulting from Defendant's illegal and unfair conduct, namely retaining the full amounts its consumers paid for Epic Passes while closing its mountains, ski lifts, skip slopes and recreational facilities to these consumers.

9.      This lawsuit also seeks disgorgement of the value of the Epic Passes that were unused at the time Defendant closed its mountains, ski lifts, ski slopes and recreational facilities due to the COVID-19 pandemic.

## PARTIES

10.      Plaintiff BERNARD HAN is a resident of New York who purchased five Epic Passes – two adult passes and three children's passes – on September 2, 2019 for the 2019/2020 ski season paying $3,348.95 for all five Passes, and did not receive a partial refund when Defendant announced the closure of its mountains, ski lifts, ski slopes and recreational facilities in March of 2020. Plaintiff fully intended on using his Epic Passes throughout the duration of the ski season, which can extend until July (*See* ¶ 22, below).

---

[3] https://www.snow.com/info/refund-request-form

Attached as Exhibit A is a copy of the back of Plaintiff's Epic Pass with its terms and conditions.

11.     Defendant VAIL RESORTS, INC., through its subsidiaries, is the leading global mountain resort operator. It is organized as a holding company and operates through various subsidiaries and three business segments: Mountain, Lodging and Real Estate. In the Mountain segment of its business, Defendant operates multiple mountain resorts and urban ski areas including: Vail, Beaver Creek, Breckenridge and Keystone in Colorado; Park City in Utah; Heavenly, Northstar and Kirkwood in the Lake Tahoe area of California and Nevada; Whistler Blackcomb in British Columbia, Canada; Perisher in Australia; Mount Snow and Stowe in Vermont; Stevens Pass in Washington; Wilmot Mountain in Wisconsin; Afton Alps in Minnesota; Mt. Brighton in Michigan; Hunter Mountain in New York; Wildcat Mountain and Crotched Mountain in New Hampshire; Liberty Mountain Resort, Roundtop Mountain Resort, Whitetail Resort, Jack Frost and Big Boulder in Pennsylvania; Alpine Valley, Boston Mills, Brandywine and Mad River Mountain in Ohio; Hidden Valley and Snow Creek in Missouri; and Paoli Peaks in Indiana. Vail Resorts is a publicly traded company traded on the New York Stock Exchange (NYSE: MTN).

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. 1332(d)(2)(A), because the aggregated damages of the class members exceeds $5,000,000, exclusive of interests and costs, over 100 members of the class are thought to exist, and this is a class action in which the Plaintiff is from a different State from the Defendant. Namely, Plaintiff is a New York resident while Defendant is considered to be a citizen of the State of Colorado.

13.     This court has personal jurisdiction because, among other reasons, Defendant is at home in the State of Colorado and resides in this District.

14.     Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1) because the Defendant resides in this District and is a resident of the State in which this District is located.

15.     Alternatively, venue is proper in this District because the Plaintiff was harmed in this District and the events giving rise to the Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

16.     Vail Resort's Epic Pass launched in 2008 to grant skiers and riders access to all of Vail Resorts' properties, which are represented in the map below:



17.     Defendant sells Epic Passes through its Epic website.4 Defendant offers a variety of Epic Pass options including, without limitation, the Epic Pass that retails for $979, Epic Local Pass that retails for $729, and Epic Day Pass starting at $109.

18.     The $979 Epic Pass offers unlimited skiing at most of Defendant's resorts.5 The $729 Epic Local Pass offers unlimited skiing at some of Defendant's resorts with limited access to certain resorts.6 The Epic Day Pass starting at $109 offers 1-7 days of skiing at one or more of Defendant's resorts.7

---

4 https://www.epicpass.com/
5 https://www.epicpass.com/passes/epic-pass.aspx
6 https://www.epicpass.com/passes/epic-local-pass.aspx
7 https://www.epicpass.com/passes/epic-day-pass.aspx



19.     Defendant also offers a variety of Epic Passes that can only be used at specific mountain resorts including: the Summit Value Pass, Keystone Plus Pass, Tahoe Local Pass, Tahoe Value Pass, Kirkwood Pass, Northeast Value Pass, Northeast Midweek Pass, Park City Youth Pass, Afton Alps Pass, Mt. Brighton Pass, Wilmot Pass, Epic Military Pass Active, Epic Military Pass Veteran, Ohio Pass, Paoli Peaks Pass, Snow Creek Pass, and Hidden Valley Pass.

20.     In Defendant's Fiscal 2020 First Quarter and Season Pass results dated December 9, 2019, it was highlighted that Season pass sales through December 2, 2019 for the upcoming 2019/2020 North American ski season increased approximately 17% in sales dollars (22% in units) as compared to the period in the prior year through December 3, 2018, including Military Pass sales and Peak Resorts pass sales in both periods.

21.     Plaintiff and members of the Class are consumers who paid the cost of one or more Epic Passes for the 2019/2020 ski season.

22.     Prior to the COVID-19 pandemic, mountains, ski lifts, ski slopes and recreational facilities were scheduled to be opened for the entire ski season, the dates of which varied depending on the mountain and its location:8

> The length of the typical ski season varies by the local climate, the individual mountain and, or course, the seasonal weather conditions. But the average length of a ski season is five to six months for many U.S. ski resorts. Some mountains are able to stay open longer due to higher elevations and colder temperatures, not mention the great modern ski season-extender, snowmaking equipment . . . Near the West Coast, Mammoth Mountain Ski Area opens in November and has an unusually long season, sometimes not closing until the 4th of July.

23.     Beginning in January of 2020, COVID-19 began presenting American cities and businesses with an unprecedented, modern-day challenge: maintaining the fabric of our economy and communities while protecting American lives.

24.     To that end, in March 2020, several U.S. cities, states, and municipalities began calling for social distancing to slow the spread of COVID-19. Eventually, some cities, states and municipalities ordered citizens and residents to "shelter-at-home," effectively requiring them to stay home, other than to receive essential services.

25.     As a result of the COVID-19 pandemic, on March 15, 2020, Defendant closed all of its mountains, skip slopes, ski lifts, and recreational facilities. Such closure was announced in a letter from Chief Executive Officer, Robert Katz, which stated in relevant part:9

> Given the escalating concerns surrounding the global spread of COVID-19 and the potential impact that continuing to operate our resorts would have on our

8 https://www.liveabout.com/how-long-is-typical-ski-season-3009674
9 http://investors.vailresorts.com/news-releases/news-release-details/vail-resorts-provides-updated-commentary-covid-19-impact

community medical system, we made the difficult decision to suspend the operations at all of our North American mountain resorts and retail stores beginning Sunday March 15, 2020. We determined yesterday that these resorts will remain closed for the remainder of the 2019/2020 ski season, and our lodging and transportation business will close as well.

26.      On April 1, 2020 the Chief Executive Officer, Robert Katz, stated that it is unlikely that a limited number of Defendant's ski resorts would be opened for late season skiing:[10]

The circumstances surrounding COVID-19 are unprecedented and the financial impact to our Company and the broader travel industry has been significant. Following the difficult decision to close our North American mountain resorts, retail stores and lodging properties for the remainder of the 2019/2020 North American ski season, we have quickly transitioned to evaluating the longer-term impacts for our Company and resort operations. While we continue to assess our ability to reopen select resorts for late-season skiing we are keenly aware that the current travel restrictions may stay in place beyond that timeframe and could impact the timing of our ability to open our North American resorts for their summer season and our Australian resorts for their winter season.

27.      It is commonplace for avid skiers to ski late in the season. In fact, spring skiing is one of the most popular seasons for avid skiers to hit the slopes.[11] The failure to re-open mountains by the Spring season substantially devalues these consumers' Epic Passes.

28.      Although Defendant has closed all of its mountains, ski slopes, ski lifts and recreational facilities, Defendant is refunding only certain fees relating to a limited number of Defendant's offerings (discussed below in Paragraph ¶ 29), and outright refuses to provide a pro-rata refund to consumers who purchased Epic Passes.[12]

---

[10] http://news.vailresorts.com/corporate/vailresorts/letter-from-vail-resorts-ceo-to-us-employees-on-covid-19-business-impacts.htm
[11] https://www.powder.com/stories/skiing-as-craft/spring-skiing-best-skiing/
[12] https://www.snow.com/info/refund-request-form

29.     Defendant's Guest Refund Request Form, a form completely inapt to Plaintiff and the Class members' allegations, explicitly states as much when it says:[13]

**GUEST REFUND REQUEST FORM**

DOES NOT APPLY TO SEASON PASS AND EPIC DAY PASS PRODUCTS

In response to the unprecedented circumstances surrounding coronavirus (COVID-19), Vail Resorts has announced today that all of its North American will be closed for the 2019-20 ski season . . . Given the unprecedented circumstances, there is not a requirement to get a refund or make changes in-resort. Please complete this form to submit for a refund or credit, subject to the applicable terms and conditions for the following products:

- Lift Tickets
- Ski & Ride School
- Lodging and Vacation Packages
- Winter Activities
- Childcare Bookings
- Equipment Rentals (booked on RentSkis.com or SkiRentals.com)

30.     Chief Executive Officer, Robert Katz, also reiterated that Epic Season and Day Passes are nonrefundable:[14]

'Many things like ski school, lift tickets, equipment rentals and transportation can be fully refunded' . . . Katz said that **season pass products and Epic Day Passes are nonrefundable and not transferable to another season**.

(emphasis added).

31.     Chief Executive Officer Robert Katz acknowledged the frustration of Epic Season Pass consumers when he said:[15]

We have also communicated with our season pass holders and indicated that we have heard their frustration about the early closure of the 2019/2020 ski season and are committed to identifying an approach for them to acknowledges this past season and retains their loyalty for the future.

---

[13] *Id.*
[14] https://www.summitdaily.com/news/vail-resorts-suspending-operations-sunday-through-march-22/
[15] http://investors.vailresorts.com/node/19896/pdf

32.     Defendant has retained the value of payments made by Plaintiff and other members of the Class for Epic Passes while failing to provide the services to the consumers for which those fees were paid.

33.     Various members of the Class have demanded the return of a pro-rata portion of their Epic Passes through a number of channels:

- One individual wrote a letter to the Vail Daily saying that Pass holders should get refunds if Vail is furloughing all of its employees.[16]

- "Vail will NOT refund. I know a bunch of people who bought them and were using them this month finally on trips. Its Vail so it doesn't surprise me."[17]

- "Haven't heard anything yet. Longtime epic local pass (well, equivalent depending on name change over the years) holder…considering a chargeback to dispute directly to my credit card since they have not delivered on their services, very disappointed by Vail's cold response to loyal customers. Myself included, I know many who wait until spring for the majority of their ski days."[18]

34.     However, Defendant has repeatedly made clear its policy, namely, that it will not provide refunds to customers with Epic Passes.

35.     Through this lawsuit, Plaintiff seeks – for himself and the other members of the Class – a partial refund of fees paid for Epic Passes representing the unused portions of those Epic Passes.

### CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action individually and, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and/or (c)(4) for equitable relief and disgorgement on behalf of the following Class:

---

[16] https://www.vaildaily.com/opinion/letter-what-about-a-refund/
[17] https://www.flyertalk.com/forum/coronavirus-travel/2013330-partial-refunds-early-closures-ikon-epic-passes.html
[18] Id.

> **Epic Pass Class:** All people who paid the cost for an Epic Pass for the 2019-2020 ski season who were not able to use, or did not otherwise get the full value from those Epic Passes, following closure of Defendant's mountains, ski slopes and recreational facilities on March 15, 2020 related to the COVID-19 pandemic.

37.     Excluded from the Class are Vail Resorts, Inc., and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns, the judicial officers, and their immediate family members; and Court staff assigned to this case. Plaintiff reserves the right to modify or amend the Class definition, as appropriate during the course of this litigation.

38.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

39.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous and geographically disbursed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but may be ascertained by Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

40.     **Commonality – Federal Rules of Civil Procedure 23(a)(2); Predominance – Federal Rules of Civil Procedure 23(b)(3).** This action involves questions of law and fact common to the Class, which predominate over any individual questions:

    a.  Whether Defendant breached its contracts with Plaintiff and other members of the Class by closing its mountains, ski slopes, ski lifts, and

recreational facilities but not refunding the unused portions of their Epic Passes;

b.  Whether Defendant was unjustly enriched by retaining payments of Plaintiff and other Class members without providing the services for which the Epic Passes were supposed to provide;

c.  Whether Defendant committed conversion by retaining payments of Plaintiff and other Class members when Defendant closed its mountains, ski slopes, ski lifts and recreational facilities and refused to provide access to Epic Pass holders;

d.  Whether certification of the Class is appropriate under Fed R. Civ. P. 23;

e.  Whether the Class members are entitled to declaratory, equitable, or injunctive relief; and/or any other relief; and

f.  The amount and nature of relief to be awarded to Plaintiff and the other Class members.

41.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members each paid fees for Epic Passes but were not provided the services that those fees were supposed to cover. Plaintiff and the other Class members suffered damages – namely, the loss of their fees and monies paid for Epic Passes – as a direct and proximate result of the same wrongful conduct in which Defendant engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims.

42. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

43. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

44. **Certification of Specific Issues – Federal Rule of Civil Procedure 23(c)(4).** To the extent the class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive this litigation toward resolution.

<u>**CLAIMS ALLEGED**</u>

<u>**FIRST CLAIM FOR RELIEF**</u>

**Breach of Contract**
**(Plaintiff and the Epic Pass Class)**

45. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as if fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of other members of the Epic Pass Class

47.     Plaintiff and the Epic Pass Class entered into contracts with Defendant, which provided that Plaintiff and other members of the Epic Pass Class would pay fees to ski one or more times at one or more of Defendant's ski resorts throughout the world.

48.     Plaintiff and other members of the Epic Pass Class fulfilled their end of the bargain when they paid the fees for their Epic Passes.

49.     Defendant breached the contract with Plaintiff and the Epic Pass Class by closing all of its mountains, ski slopes, ski lifts, and recreational facilities on March 15, 2020, well before the planned end of the ski season at any of Defendant's mountains.

50.     Defendant retained the monies paid by Plaintiff and the Epic Pass Class, without providing them with the benefit of the bargain, namely access to the mountain, ski slopes, ski lifts, and recreational facilities to which their Epic Passes entitled them.

51.     Plaintiff and other members of the Epic Pass Class are entitled to a refund.

52.     Plaintiff and other members of the Epic Pass Class are entitled to an equitable remedy – here: disgorgement of the unused amounts of the Epic Passes purchased by Plaintiff and members of the Class.

**SECOND CLAIM FOR RELIEF**

**Unjust Enrichment**
**(Plaintiff and Other Members of the Epic Pass Class)**

53.      Plaintiff repeats and re-alleges the allegations in the Paragraphs above, as if fully alleged herein.

54.     Plaintiff brings this claim individually and on behalf of the other members of the Epic Pass Class and in the alternative to the breach of contract claim brought on behalf of the Plaintiff and other members of the Epic Pass Class.

55.     Defendant has received a benefit at the expense of Plaintiff and other members of the Epic Pass Class to which it is not entitled. Plaintiff and other members of the Epic Pass Class paid substantial fees for access to a full season, or one or more days, of skiing at one of Defendant's mountains or ski resorts around the world and did not receive the full benefit of their bargain. Accordingly, the Defendant should return some or all of the monies that Class members paid for these Epic Passes. Equity demands the return of the value of these Epic Passes from the date the mountains closed in March until the end of the ski season.

56.     Defendant has been enriched by retaining the monies paid by Plaintiff and other members of the Epic Pass Class for access to a full season, or one or more days, of skiing without providing the services for which those monies were paid. Equity requires that the Defendant return a portion of the monies paid for Epic Passes.

### THIRD CLAIM FOR RELIEF

#### Conversion
#### (Plaintiff and Other Members of the Epic Pass Class)

57.      Plaintiff repeats and re-alleges the allegations in the Paragraphs above, as if fully set forth herein.

58.     Plaintiff brings this claim individually and on behalf of the other members of the Epic Pass Class.

59.     Plaintiff and other members of the Epic Pass Class have a right to the services that were supposed to be provided in exchange for their payment of fees to Defendant.

60.     Defendant intentionally interfered with the rights of Plaintiff and other members of the Epic Pass Class when it closed all of its facilities, while retaining the fees paid by Plaintiff and other members of the Epic Pass Class.

61.     Defendant deprived the Plaintiff and other members of the Epic Pass Class of their fees or their right to the benefits and services for which their fees were intended to be used.

62.     Epic Pass Class members demanded the return of pro-rated, unused portion of the fees they paid for their Passes for the remainder of the 2019/2020 ski season.

63.      Defendant's retention of the fees paid by Plaintiff and the other members of the Epic Pass Class without providing them with the services for which they paid, deprived Plaintiff and the other members of the Class of the benefits for which their fees were paid.

64.     This interference with the services for which Plaintiff and other members of the Epic Pass Class paid damaged Plaintiff and the other Class members in that they paid fees for services that will not be provided because all of Defendant's mountains, ski slopes, ski lifts, and recreational facilities are closed for the remainder of the ski season.

65.     Plaintiff and other members of the Epic Pass Class are entitled to a return of the pro-rated, unused portion of the fees paid for their Epic Passes through the end of the ski season.

<u>**REQUEST FOR RELIEF**</u>

Plaintiff, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

a)      Certifying the Class as requested herein, designating Plaintiff as class representatives, and appointing the undersigned counsel as Class Counsel;

b)      Declaring that Defendants are financially responsible for notifying Class members of the pendency of this suit;

c)      Declaring that Defendant has wrongfully kept monies paid for Epic Passes;

d)      Requiring that Defendants disgorge amounts wrongfully obtained in fees for Epic Passes;

e)      Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies for Epic Passes;

f)      Awarding Plaintiff's reasonable attorney's fees, costs and expenses;

g)      Awarding pre- and post-judgment interest on any amounts awarded; and

h)      Awarding such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all causes of action so triable.

Respectfully submitted this April 21, 2020.

**SHUMAN, GLENN & STECKER**

*/s/Rusty E. Glenn*
Rusty E. Glenn (39183)
600 17th Street, Ste. 2800 South
Denver, CO 80202
Telephone: (303) 861-3003
Facsimile: (303) 536-7849
E-mail: rusty@shumanlawfirm.com

*Local Counsel for Plaintiff*

**MILBERG PHILLIPS GROSSMAN LLP**
Jennifer Kraus-Czeisler
Sanford Dumain
Adam H. Cohen
Blake Yagman
One Pennsylvania Plaza, Suite 1920
New York, New York 10119
Telephone: (212) 594-5300
jczeisler@milberg.com
sdumain@milberg.com
acohen@milberg.com
byagman@milberg.com

**EVANGELISTA WORLEY LLC**
James Evangelista
David Worley
500 Sugar Mill Road
Building A, Suite 245
Atlanta, Georgia 30350
Telephone: (404) 205-8400
E-mail:jim@ewlawllc.com
david@ewlawllc.com

*Counsel for Plaintiff*

EXHIBIT "A"

