IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Lead Civil Action No. 1:20-cv-01121-RBJ
*Consolidated with 1:20-cv-01881-RBJ-KLM; 1:20-cv-01134-RBJ; 1:20-cv-01163-RBJ-KLM; 1:20-cv-01176-RBJ; 1:20-cv-01468-RBJ-KLM; 1-20-cv-01475-RBJ; 1-20-cv-01529-RBJ; 1-20-cv-01585-RBJ-KLM; and 1-20-cv-01364-KLM*

BERNARD HAN,

    Plaintiff,

v.

VAIL RESORTS, INC.,

    Defendant.

## ORDER: APPOINTMENT OF LEAD COUNSEL

This case is a consolidation of ten purported class actions in which season ticket ("Epic Pass") holders at Vail Resorts complain that they were not offered partial refunds of their ticket price for the 2019-20 seasons when the resort was forced to close by gubernatorial order due to the COVID-19 pandemic. The resort was required to close on or about March 15, 2020, meaning that approximately one month of a five-month ski season, more or less, was unavailable due to the pandemic.

Five separate motions have been filed concerning which law firm or firms should be designated as "lead counsel" for the ten cases. The criteria to be considered by the Court in making this decision are provided by Rule 23(g)(1)(A) and (B) of the Federal Rules of Civil Procedure. The Court must consider (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions, complex litigation, or similar types of claims; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the class. The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the class.

- 1 -

The first bid was submitted jointly by counsel in the *Clarke* (No. 20-cv-01163-RBJ-KLM) and *Han* (No. 20-cv-01121) cases. They request that the Court designate as "interim co-lead counsel" lawyers from the law firms of Hagens Berman Sobol Shapiro LLP of Phoenix (Robert Bruce Carey) and Milberg Phillips Grossman LLP of New York (Jennifer Kraus-Czeisler). ECF No. 18. The motion explains that the proposed interim co-lead counsel have been contacted by dozens or putative class members; that they have thoroughly researched the Epic Pass program, Vail's offer of a partial discount towards the purchase of a pass for the 2020-2021 season, various media reports, and defendant's position in the market. *Id.* at 6. They add that they are aware that several putative class members purchased "Pass Insurance," and they are prepared to broaden the litigation to include claims against Beecher Carlson Insurance Services, United Specialty Insurance Company, and American Claims Management arising out of their alleged deceptive marketing of insurance policies and their failure to pay COVID-19 related claims. *Id.* They cite their extensive class action experience and assure the Court that they will commit the necessary resources to the task. *Id.* at 4-12. They point out that Mr. Robert Carey and Stuart Paynter tried the *DaVita* case in this Court, and that Mr. Carey has also tried cases before Judges Blackburn and Nottingham in this district. *Id.* at 9.

Second, counsel in the *McAuliffe* case, 20-cv-1176-RBJ, propose that lawyers from the law firms of Cafferty Clobes Meriwether & Sprengel LLP of Chicago and Sherman & Howard L.L.C. of Denver be designated respectively as lead and liaison counsel. ECF No. 41. They suggest that, especially in a relatively small and non-complex case like this one, having two firms serving as interim lead counsel (as in the *Han/Clark* proposal) is a bad idea in terms of efficiency. *Id.* at 6-7. They, too, claim to have been contacted by numerous putative class members. They, too, have researched the issues including potential claims against the insurance companies. *Id.* at 8. And, they, too, will bring substantial class action experience (Cafferty) and trial experience (Sherman & Howard) to the project. *Id.* at 8-14. Their bid is supported by

- 2 -

counsel in the *Bellafatto* case (20-cv-1585-RBJ-KLM) and the *Connolly* case (20-cv-1881-RBJ-KLM). *Id.* at 14.

The third motion was filed by counsel in the *Faydenko* case, Hellmuth & Johnson of Edina, Minnesota. ECF No. 42. This motion argues that appointing the Hellmuth firm as lead class counsel, or alternatively as co-lead with another law firm, would achieve efficiency and fairness to the parties. *Id.* at 2. This motion is supported by plaintiff's counsel in the *DiPirro* case (20-cv-01468-RBJ-KLM). The motion cites the Hellmuth firm's "extensive work" to investigate the case; it represents 10 of the 22 named plaintiffs in the consolidated cases, and it is already working with a nationally recognized economist on damages methodology. *Id.* at 6-7. Like the other motions, counsel cites the Hellmuth firm's experience in class actions and complex litigation, *id.* at 7-9, and the resources it will devote to the case. *Id.* at 9-10.

Fourth, counsel in the *Rarick* case, 20-cv-1364-RBJ-KLM, request that the Court appoint its lawyers from the Bursor & Fisher, P.A. firm of Walnut Creek, California and the Mason Lietz & Klinger LLP firm of Washington, D.C. as co-lead interim class counsel. ECF No. 43. The motion notes that Gary Mason of the latter firm participated in the *Helmer* class action case that was tried in this Court. *Id.* at 1. Counsel suggest that the investigative and analytical efforts of counsel, one of the Rule 23(g)(1) factors, can be a deciding factor, and they list the many investigative actions that the two firms have taken to the date of the motion. *Id.* at 6-7. They note that Bursor & Fisher filed the first case against Vail Resorts, namely, *Hunt v. The Vail Corporation,* No. 3:20-cv-00319 (N.D. Cal.) and cite cases indicating that the first-filed rule supports their application (or does it support the *Han* motion, which was the first of the 10 cases at issue here?). *Id.* at 7-8. The motion recites Bursor & Fisher's extensive history of litigating consumer class actions. *Id.* at 9-10. They cite Judge Rakoff of the Southern District of New York who, in appointing the firm as class counsel in a New York case in 2014, stated that "the firm has been appointed in dozens of cases in both federal and state courts, and has won multi-

- 3 -

million dollar verdicts or recoveries in [six] class action jury trials since 2008." *Id.* at 9.  The motion also relates the Mason firm's "decades of class action experience." *Id.* at 10-12.  Finally, these plaintiffs note that Rick D. Bailey of Denver, counsel for the plaintiff in the *Gasman* case, 20-cv-01475-RBJ-KLM, and who was lead counsel in the *Helmer* class action case tried in this Court, supports their motion. *Id.* at 14.  They suggest that he be named as liaison counsel. *Id.*

Fifth, and finally, the Gibbs Law Group of Oakland, California, counsel for the plaintiff in the *Malachowsky* case, 20-cv-001529-RBJ-KLM, asks that it be appointed either as the sole interim class counsel or as co-counsel with counsel for the *Han* plaintiffs.  ECF No. 44.  The firm was recognized by "Law360" as having one of the top four plaintiff class action practice groups in the country. *Id.* at 2.  This recognition and the recognition of its founding partner's as one of the 500 leading plaintiff's consumer lawyers by "Lawdragon," stems from its history of advocacy on behalf of consumers. *See id* at 3-4.  The firm has experience in similar contract-related cases. *Id.* at 4-5.  It will commit the firm's founding partner, Eric H. Gibbs, plus two partners, an associate, and a team of non-lawyer professionals to the case. *Id.* at 5-7.  Like the other competing law firms, Gibbs has done considerable investigation of skier complaints and potential claims and defenses, but the firm also knows how to avoid spending time and energy on unnecessary work, such as filing early motions that clog the Court's docket. *Id.* at 7.

The Court finds that each of the five competing bids has been made by counsel who satisfy the requirements of Rule 23(g)(1).  Counsel for all these plaintiffs have done their homework, would bring extensive class action experience to the case, are knowledgeable of class-action law and either are or will become knowledgeable of applicable Colorado law; and are prepared to devote what it takes in terms of human and monetary resources to do the job.  I note that several of the lawyers have successfully litigated cases in my court and in other courts in this district.  However, I am satisfied that any of the applicants could and would do an

excellent job in this case. It is unfortunate that the several law firms could not agree amongst themselves on who best could represent the group in this case.

On the other hand, the Court does not regard this case as complex. Particularly in its present configuration, pitting the Epic Pass holders against the Resort, it appears to be a likely case for class certification. The addition of insurance defendants could affect those impressions. It appears to be a case that could and should settle. It also appears to be a case where a single legal defense could be at the front and center of the case early on. It does not appear to be a case of the size or complexity that warrants co-lead counsel. The parties have not clearly identified the respective roles of "lead" and "liaison" counsel, but perhaps there could be a useful and distinct role for both.

Having carefully considered all the motions, the Court grants the motion of the *McAuliffe* plaintiffs and appoints Cafferty Clobes Meriwether & Sprengel as interim lead counsel. The Court appoints Sherman & Howard as liaison counsel. The Court has no doubt that the Cafferty firm, like others in this case, has the experience, ability and resources necessary to handle the job. The Court finds that there is value in having a regional law firm that similarly has substantial resources and experience, and that the Court knows well and respects, serving in the liaison role. The two law firms are already working together. All things considered, the Court finds that this combination of lead and liaison counsel is the best among multiple good options.

**ORDER**

1. ECF No. 41 is GRANTED.
2. ECF Nos. 18, 42, 43 and 44 are DENIED.

Dated this 15th day of October, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge