IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Lead Civil Action No. 1:20-cv-01121-RBJ
*Consolidated with 1:20-cv-01881-RBJ-KLM; 1:20-cv-01134-RBJ; 1:20-cv-01163-RBJ-KLM; 1:20-cv-01176-RBJ; 1:20-cv-01468-RBJ-KLM; 1-20-cv-01475-RBJ; 1-20-cv-01529-RBJ; 1-20-cv-01585-RBJ-KLM; and 1-20-cv-01364-KLM*

BERNANRD HAN,

    Plaintiff,

v.

VAIL RESORTS, INC.,

    Defendant.

## ORDER ON MOTIONS

On March 14, 2020, the Governor of Colorado ordered Colorado ski resorts to close. On March 17 Vail Resorts announced that their North American resorts would remain closed for the season. ECF No. 48-3. Eight days later, on March 25, 2020, Vail Resorts informed its season pass holders that it was working on a plan "that acknowledges this past season and retains your loyalty for the future." ECF No. 48-4 at 3. On April 27, 2020 Vail Resorts offered its pass holders varying credits against a 2020-21 pass. ECF No. 48-5.

But already, on April 10, 2020, the first class action lawsuit against the Vail Corporation seeking refunds on behalf of the pass holders had been filed in California. And, on April 21, 22 and 24, 2020, the first three of what would become the ten class action lawsuits seeking refunds that are consolidated in this Court was filed. The April 27, 2020 offer contained a click-on link

1

that took the customer to a website where the offer was explained in detail.  It also acknowledged that class actions had been filed against the Vail Corporation and Vail Resorts, Inc., and it provided a link to the class action lawsuits and their law firms that had been filed in Colorado and elsewhere (it has been updated through September 2, 2020).  The notice explained that acceptance of the credit offer would prevent the pass holder from participating in the class action lawsuits or any similar lawsuits.

Because the first four lawsuits were on file before defendant extended its credit offer, plaintiffs argue that doing so was an abusive tactic, and they move the Court to take various corrective actions.  ECF No. 39.  I disagree.  In a seasonal business where repeat customers are potentially critical, it is hardly surprising that Vail Resorts would attempt to preserve its customers' good will.  Specifically, it is difficult for the Court to understand how it is an abusive tactic for the company, in the unique circumstances created by the pandemic and the shutdown order, to reach out to its season pass base and try to entice pass holders to return by offering a credit against a future pass, just because a few customers were able to get lawsuits seeking refunds on file before Vail was able to put together a plan to offer a range of credits against the purchase of a future pass.  Nor would this Court expect those who accepted the offer by the September 7, 2020 deadline to be able to do so without waiving their litigation rights.  The offer disclosed the pendency of the class action lawsuits, identified the plaintiffs' lawyers and their contact information, and informed them that acceptance of a credit against a future pass would waive the right to pursue refunds of the 2019-2020 pass in litigation.

Having considered plaintiffs' motion, defendant's response, and plaintiff's reply, the Court does not find the communication to be abusive or contrary to any authority cited by this

plaintiff, and it denies plaintiffs' motion. I do agree with plaintiffs that defendant's supplements, ECF Nos. 53, and exhibits, effectively a surreply, was not authorized by the Court and is unnecessary.

## ORDER

1. Plaintiffs' Motion and Memorandum for Protective Order and Corrective Action [ECF No. 39] is DENIED.

2. Plaintiffs' Motion to Strike Vail Resorts' Supplemental Notice Regarding 2019/2020 Passholder Credit or, in the Alternative, For Leave to File a Response [ECF No. 54] is GRANTED.

DATED this 15th day of October, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge